UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMMY THOMPSON,

              Plaintiff,

-against-

WELFARE; SOCIAL SECURITY; WIC; DSS; HRA; SSI,

              Defendants.

25-CV-5359 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, alleging that Defendants violated his rights. By order dated July 28, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against "Welfare," "Social Security"; "WIC", which the Court understands to the be the Special Supplemental Nutrition Program for Women, Infants, and Children; "DSS", which the Court understands to be the New York City Department of Social Services; "HRA", which the Court understands to be the New York City Human Resources Administration; and "SSI" which the Court understands to be the Supplemental Security Income program.

Plaintiff brings his claims using a Complaint for Violation of Civil Rights form issued by the United States District Court for the Eastern District of New York, which Plaintiff appears to complete without regard to the questions being asked on the form, and to which he attaches

additional statements. Statements on the complaint form include,[1] "No action nothing 0 results 0 everything[.] Default – no payment[,] no results[,] ignored[,] no Medicaid card sent[,] no letter of reason[,] no food stamp[,] no cash assistance." (ECF 1, at 4.) Plaintiff also states, "No fault[.] No results achieved[.] Canceled due to stolen debit card[.] No money use from account – account was empty $0.00." (*Id.*)

In a letter attached to the complaint, Plaintiff states,

> For Social Security office stolen debit card office reported stolen changed account end of problem minimal result!!! Medicaid no Medicaid card mailed to me no result no letter of result explanation to explain anything. Pertaining to the rest of it!!! No food stamp card can be activated no cash assistance card same card can be activated no cash assistance[.] [N]o letter to explain my food-stamp or cash asssistance not working. No letter to explain my Medicaid did not receive a Medicaid card in the mail.

(*Id.* at 8-9.)

Plaintiff appears to allege that his debit card was stolen, a Medicaid card was not mailed to him, his food stamp and cash assistance cards could not be activated, and he was not provided any explanation for why he was not able to access benefits.

Plaintiff seeks $50,000 in damages.

## DISCUSSION

The Court liberally construes the complaint as attempting to assert claims that Plaintiff was denied public assistance benefits in violation of the Due Process Clause of the Fourteenth Amendment. Such claims arise under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States

---

[1] Plaintiff writes using irregular capitalization and without punctuation. For readability, the Court uses standard capitalization when quoting from the complaint and has attempted to punctuate as Plaintiff may have intended. All other spelling and grammar are as in the original unless otherwise noted.

was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A. **Improper Defendants**

None of the defendants named in this action is a proper defendant in a Section 1983 action. "Welfare," Social Security, WIC, and SSI are public benefits programs. They are not "persons" that may be held liable under Section 1983. The Court therefore dismisses Plaintiff's claims against these defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's claims against DSS and HRA must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the

existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Because Plaintiff alleges no facts suggesting a viable constitutional claim, the Court declines to construe the complaint as asserting claims against the City of New York at this time.

**B.     Due Process Claims**

The Court liberally construes Plaintiff's complaint as asserting that he was denied procedural due process as to his receipt of public assistance benefits, such as cash assistance, Medicaid, and food stamps, from an agency of the City of New York. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend XIV, § 1. Where a plaintiff sues a defendant "to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (citation omitted). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted). Generally, due process requires a hearing before a final deprivation of an individual's liberty or property interest. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). Public assistance benefits "have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause." *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005) (citing *Goldberg*, 397 U.S. at 262 & n.8).

5

When determining whether a person has been deprived of procedural due process, "the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts. If so, there will be no claim before the federal court, whether or not plaintiff took advantage of the state procedure." *Vialez v. New York City Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991). In addition, "if a plaintiff had an opportunity to contest a defendant's actions but failed to do so, there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983." *Id.* at 113.

New York law provides for access to an administrative fair hearing to challenge adverse determinations with respect to public assistance benefits. *See* N.Y. Soc. Serv. Law § 22; 18 N.Y.C.R.R. Ch. II, Subch. B, Art. 1, pt. 358. Further judicial review is available in the state courts in a proceeding under Article 78 of the N.Y.C.P.L.R. to challenge adverse determinations in connection with government entitlement programs, such as SNAP (food stamps), medical assistance, or cash assistance. Courts have held that these procedures satisfy procedural due process. *See Rodriguez v. N.Y. State Dep't of Parole*, No. 19-CV-0643 (VEC) (JLC), 2019 WL 6973568, at *14 (S.D.N.Y. Dec. 20, 2019), *report & recommendation*, 2020 WL 257420 (S.D.N.Y. Jan. 17, 2020); *Banks v. HRA*, No. 11-CV-2380, 2013 WL 142374, at *3 (E.D.N.Y. Jan. 11, 2013); *Vapne v. Eggleston*, No. 04-CV-0565 (NRB), 2004 WL 2754673, at *5 (S.D.N.Y. Dec. 1, 2004).

Plaintiff has alleged nothing to suggest that he has pursued an administrative fair hearing and judicial review under state law, as described above, to challenge the denial of any public assistance benefits distributed by an agency of the City of New York. The Court therefore dismisses Plaintiff's claims under Section 1983 that he has been denied procedural due process

with regard to challenging the denial or revocation of these benefits, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his procedural due process claims in an amended complaint alleging facts showing how an individual New York City official denied him procedural due process or provided him inadequate process as to challenging the denial of public assistance benefits.

C.  **State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid procedural due process claim under Section 1983, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   September 3, 2025
         New York, New York

                                                    _____
                                                          LOUIS L. STANTON
                                                              U.S.D.J.